UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-CV-23672-COOKE/TORRES

RENAUD MARIOTTI & R1, LLC,

    Plaintiff(s),

vs.

WORLD GLOBAL FINANCING, INC.
& CYRIL ESKENAZI
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendants, WORLD GLOBAL FINANCING, INC. & CYRIL ESKENAZI, by and through the undersigned Counsel hereby file their Answer and Affirmative Defenses to the Plaintiffs' Complaint and states as follows:

### NATURE OF THE ACTION

1. Defendants deny the allegations contained in paragraph one (1) of the Complaint to the extent that it alleges any wrong doing on the part of the Defendants. The Defendants admit the remaining allegations for jurisdictional purposes only and denies any inference derived thereof.

2. Defendants admit in part and deny in part the allegations contained in paragraph two (2) of the Complaint. Defendants admit that MARIOTTI worked for the Defendant WORLD GLOBAL FINANCING, INC. beginning January of 2014. The Defendants deny the remaining allegations.

3. Defendants deny the allegations contained in paragraph three (3) of the Complaint to the extent that it alleges any wrong doing on the part of the Defendants.

## JURISDICTION

4. Defendants admit the allegations contained in paragraph four (4) of the Complaint for jurisdictional purposes only and denies any inference derived thereof.

5. Defendants admit the allegations contained in paragraph five (5) of the Complaint for jurisdictional purposes only and denies any inference derived thereof.

6. Defendants admit the allegations contained in paragraph six (6) of the Complaint for jurisdictional purposes only and denies any inference derived thereof.

## VENUE

7. Defendants admit the allegations contained in paragraph seven (7) of the Complaint for the purpose of venue only and denies any inference derived thereof.

## PARTIES

8. Defendants admit in part and deny in part the allegations contained in paragraph eight (8) of the Complaint. Defendants admit that MARIOTTI is the managing member of R1, LLC. Defendant denies the remaining allegations.

9. Defendants admit the allegations contained in paragraph nine (9) of the Complaint.

10. Defendants admit in part and deny in part the allegations contained in paragraph ten (10) of the Complaint. Defendants admit that it is a Florida Corporation with its principal place of

business located at 141 NE 3rd Ave., 10th Floor, Miami, FL 33132. Defendants deny the remaining allegations.

11. Defendants admit in part and deny in part the allegations contained in paragraph eleven (11) of the Complaint. Defendants admit that CYRIL ESKENAZI is an individual and the President of WORLD GLOBAL FINANCING, INC. Defendants also admit that CYRIL ESKENAZI resides in Miami-Dade County. However, Defendants deny the remaining allegations.

## GENERAL ALLEGATIONS

12. Defendants admit the allegations contained in paragraph twelve (12) of the Complaint.
13. Defendants admit the allegations contained in paragraph thirteen (13) of the Complaint.
14. Defendants deny the allegations contained in paragraph fourteen (14) of the Complaint.
15. Defendants admit the allegations contained in paragraph fifteen (15) of the Complaint.
16. Defendants deny the allegations contained in paragraph sixteen (16) of the Complaint.
17. Defendants deny the allegations contained in paragraph seventeen (17) of the Complaint.
18. Defendants admit the allegations contained in paragraph eighteen (18) of the Complaint.
19. Defendants admit the allegations contained in paragraph nineteen (19) of the Complaint.
20. Defendants admit the allegations contained in paragraph twenty (20) of the Complaint.
21. Defendants deny the allegations contained in paragraph twenty-one (21) of the Complaint.
22. Defendants deny the allegations contained in paragraph twenty-two (22) of the Complaint.
23. Defendants deny the allegations contained in paragraph twenty-three (23) of the Complaint.
24. Defendants admit in part and deny in part the allegations contained in paragraph twenty-four (24) of the Complaint. Defendants admit that MARIOTTI held the title of Chief Operating

Officer after he was hired as an independent contractor in January of 2014. Defendants deny the remaining allegations.

25. Defendants deny the allegations contained in paragraph twenty-five (25) of the Complaint.

26. Defendants deny the allegations contained in paragraph twenty-six (26) of the Complaint.

27. Defendants deny the allegations contained in paragraph twenty-seven (27) of the Complaint.

28. Defendants deny the allegations contained in paragraph twenty-eight (28) of the Complaint.

29. Defendants deny the allegations contained in paragraph twenty-nine (29) of the Complaint.

30. Defendants deny the allegations contained in paragraph thirty (30) of the Complaint.

31. Defendants deny the allegations contained in paragraph thirty-one (31) of the Complaint.

32. Defendants deny the allegations contained in paragraph thirty-two (32) of the Complaint.

33. Defendants deny the allegations contained in paragraph thirty-three (33) of the Complaint.

34. Defendants deny the allegations contained in paragraph thirty-four (34) of the Complaint.

35. Defendants deny the allegations contained in paragraph thirty-five (35) of the Complaint.

36. Defendants deny the allegations contained in paragraph thirty-six (36) of the Complaint.

37. Defendants lack sufficient knowledge regarding the contents of the purported e-mail and therefore deny the allegations contained in paragraph thirty-seven (37) of the Complaint.

38. Defendants lack sufficient knowledge regarding the contents of the purported e-mail and therefore deny the allegations contained in paragraph thirty-eight (38) of the Complaint.

39. Defendants lack sufficient knowledge regarding the contents of the purported e-mail and therefore deny the allegations contained in paragraph thirty-nine (39) of the Complaint.

40. Defendants lack sufficient knowledge regarding the contents of the purported e-mail and therefore deny the allegations contained in paragraph forty (40) of the Complaint.

41. Defendants lack sufficient knowledge regarding the contents of the purported e-mail and therefore deny the allegations contained in paragraph forty-one (41) of the Complaint.

42. Defendants lack sufficient knowledge regarding the contents of the purported e-mail and therefore deny the allegations contained in paragraph forty-two (42) of the Complaint.

43. Defendants deny the allegations contained in paragraph forty-three (43) of the Complaint.

44. Defendants admit the allegations contained in paragraph forty-four (44) of the Complaint to the extent that MARIOTTI resigned. Defendants deny the remaining allegations.

45. Defendants admit the allegations contained in paragraph forty-five (45) of the Complaint.

46. Defendants admit the allegations contained in paragraph forty-six (46) of the Complaint.

47. Defendants admit the allegations contained in paragraph forty-seven (47) of the Complaint.

48. Defendant admits in part and denies in part the allegations contained in paragraph forty-eight (48) of the Complaint. Defendant admits that the MPA is between WGF and R1, LLC and binds R1, LLC. However the Defendant denies that the MPA is limited to R1, LLC.

49. Defendants deny the allegations contained in paragraph forty-seven (49) of the Complaint.

50. Defendants deny the allegations contained in paragraph fifty (50) of the Complaint.

51. In regard to the allegations contained in paragraph fifty-one (51) of the Complaint, Defendants state that the MPA speaks for itself and therefore denies the same.

52. Defendants admit the allegations contained in paragraph fifty-two (52) of the Complaint.

53. Defendants admit the allegations contained in paragraph fifty-three (53) of the Complaint.

54. In regard to the allegations contained in paragraph fifty-four (54) of the Complaint, Defendants state that the Referral Agreement speaks for itself.

55. In regard to the allegations contained in paragraph fifty-five (55) of the Complaint, Defendants state that the Referral Agreement speaks for itself.

56. Defendants admit the allegations contained in paragraph fifty-six (56) of the Complaint in so much as the parties entered into a Non-Solicit and Confidentiality Agreement.

57. In regard to the allegations contained in paragraph fifty-seven (57) of the Complaint, Defendants state that the Non-Solicit and Confidentiality Agreement speaks for itself.

## COUNT I – SALE OF UNREGISTERED SECURITIES IN VIOLATION OF §77E OF THE 1933 ACT

58. Defendants re-allege and reassert the answers to paragraphs 1 – 52 above.

59. Defendants deny the allegations contained in paragraph fifty-nine (59) of the Complaint.

60. Defendants deny the allegations contained in paragraph sixty (60) of the Complaint.

61. Defendants deny the allegations contained in paragraph sixty-one (61) of the Complaint.

62. Defendants deny the allegations contained in paragraph sixty-two (62) of the Complaint.

63. Defendants deny the allegations contained in paragraph sixty-three (63) of the Complaint.

**WHEREFORE** Defendants requests that this Honorable Court enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable.

## COUNT II – SALE OF UNREGISTERED SECURITIES IN VIOLATION OF §517.07 OF FSIPA

64. Defendants re-allege and reassert the answers to paragraphs 1 – 52 above.

65. Defendants deny the allegations contained in paragraph sixty-five (65) of the Complaint.

66. Defendants deny the allegations contained in paragraph sixty-six (66) of the Complaint.

67. In regard to the allegations contained in paragraph sixty-seven (67) of the Complaint, Defendants state that the Florida Statute cited speaks for itself.

68. Defendants deny the allegations contained in paragraph sixty-eight (68) of the Complaint.

69. Defendants deny the allegations contained in paragraph sixty-nine (69) of the Complaint.

70. Defendants deny the allegations contained in paragraph seventy (70) of the Complaint.

71. Defendants deny the allegations contained in paragraph seventy-one (71) of the Complaint.

72. In regard to the allegations contained in paragraph seventy-two (72) of the Complaint, Defendants state that the Florida Statute cited speaks for itself. Defendants deny the remaining allegations.

73. Defendants deny the allegations contained in paragraph seventy-three (73) of the Complaint.

74. Defendants deny the allegations contained in paragraph seventy-four (74) of the Complaint.

75. Defendants deny the allegations contained in paragraph seventy-five (74) of the Complaint in so much as the Plaintiffs allege they suffered any damages.

**WHEREFORE** Defendants requests that this Honorable Court enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable.

### COUNT III - VIOLATION OF THE FAIR LABOR STANDARDS ACT (NONPAYMENT OF MINIMUM WAGE)

76. Defendants re-allege and reassert the answers to paragraphs 1 – 52 above.

77. Defendants deny the allegations contained in paragraph seventy-seven (77) of the Complaint.

78. Defendants deny the allegations contained in paragraph seventy-eight (78) of the Complaint.

79. Defendants deny the allegations contained in paragraph seventy-nine (79) of the Complaint.

80. Defendants deny the allegations contained in paragraph eighty (80) of the Complaint.

**WHEREFORE** Defendants requests that this Honorable Court enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable.

## COUNT IV – VIOLATION OF THE FAIR LABOR STANDARDS ACT (NON-PAYMENT OF OVERTIME WAGES)

81. Defendants re-allege and reassert the answers to paragraphs 1 – 52 above.

82. Defendants deny the allegations contained in paragraph eighty-two (82) of the Complaint.

83. Defendants deny the allegations contained in paragraph eighty-three (83) of the Complaint.

84. Defendants deny the allegations contained in paragraph eighty-four (84) of the Complaint.

85. Defendants deny the allegations contained in paragraph eighty-five (85) of the Complaint.

**WHEREFORE** Defendants requests that this Honorable Court enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable.

## COUNT V – UNJUST ENRICHMENT

86. Defendants re-allege and reassert the answers to paragraphs 1 – 57 above.

87. Defendants deny the allegations contained in paragraph eighty-seven (87) of the Complaint.

88. Defendants deny the allegations contained in paragraph eighty-eight (88) of the Complaint.

**WHEREFORE** Defendants requests that this Honorable Court enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable

## COUNT VI –DECLARATORY JUDGMENT UNDER 28 USC §2201 THAT MASTER PARTICIPATION AGREEMENT IS VOID AND UNENFORCEABLE

89. Defendants re-allege and reassert the answers to paragraphs 1 – 57 above.

90. Defendants admit the allegations contained in paragraph ninety (90) of the Complaint.

91. Defendant admits in part and denies in part the allegations contained in paragraph ninety-one (91) of the Complaint. Defendant admits that the MPA is between WGF and R1, LLC and binds R1, LLC. However the Defendant denies that the MPA is limited to R1, LLC.

92. Defendant admits the allegations contained in paragraph ninety-two (92) of the Complaint and states that the MPA speaks for itself.

93. Defendants admit the allegations contained in paragraph ninety-three (93) of the Complaint.

94. Defendants deny the allegations contained in paragraph ninety-four (94) of the Complaint to the extent it implies that the restrictive covenants are unenforceable.

95. Defendants deny the allegations contained in paragraph ninety-five (95) of the Complaint.

96. Defendants deny the allegations contained in paragraph ninety-six (96) of the Complaint.

97. Defendants deny the allegations contained in paragraph ninety-seven (97) of the Complaint.

98. Defendants deny the allegations contained in paragraph ninety-eight (98) of the Complaint.

99. Defendants deny the allegations contained in paragraph ninety-nine (99) of the Complaint.

100. There are no factual allegations contained in paragraph one hundred (100) of the Complaint to admit or deny. However, in an ounce of caution, the same is denied.

**WHEREFORE** Defendants requests that this Honorable Court enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable

## **COUNT VII - DECLARATORY JUDGMENT UNDER 28 USC § 2201 THAT REFERRAL AGREEMENT IS VOID AND UNENFORCEABLE**

101. Defendants re-allege and reassert the answers to paragraphs 1 – 57 above.

102. Defendants admit the allegations contained in paragraph one hundred and two (102) of the Complaint.

103. Defendants admit the allegations contained in paragraph one hundred and three (103) of the Complaint and states that the Referral Agreement speaks for itself.

104. Defendants deny the allegations contained in paragraph one hundred and four (104) of the Complaint.

105. Defendants admit the allegations contained in paragraph one hundred and five (105) of the Complaint.

106. Defendants deny the allegations contained in paragraph one hundred and six (106) of the Complaint to the extent it implies that the restrictive covenant contained in the referral agreement is unenforceable.

107. Defendants deny the allegations contained in paragraph one hundred and seven (107) of the Complaint.

108. There are no factual allegations contained in paragraph one hundred and eight (108) of the Complaint to admit or deny. However, in an ounce of caution, the same is denied.

**WHEREFORE** Defendants requests that this Honorable Court enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable

### COUNT VIII - DECLARATORY JUDGMENT UNDER 28 USC § 2201 THAT CONFIDENTIALITY AGREEMENT IS UNENFORCEABLE AS WRITTEN

109. Defendants re-allege and reassert the answers to paragraphs 1 – 57 above.

110. Defendants admit the allegations contained in paragraph one hundred and ten (110) of the Complaint.

111. Defendants admit the allegations contained in paragraph one hundred and eleven (111) of the Complaint.

112. Defendants admit the allegations contained in paragraph one hundred and twelve (112) of the Complaint.

113. Defendants deny the allegations contained in paragraph one hundred and thirteen (113) of the Complaint to the extent it implies that the restrictive covenant contained in the confidentiality agreement is unenforceable.

114. Defendants state that the Confidentiality Agreement speaks for itself and therefore denies the allegations contained in paragraph one hundred and fourteen (114) of the Complaint.

115. Defendants admit the allegations contained in paragraph one hundred and fifteen (115) of the Complaint and states that the Confidentiality Agreement speaks for itself.

116. Defendants deny the allegations contained in paragraph one hundred and sixteen (116) of the Complaint.

117. Defendants deny the allegations contained in paragraph one hundred and seventeen (117) of the Complaint.

118. Defendants deny the allegations contained in paragraph one hundred and eighteen (118) of the Complaint.

119. There are no factual allegations contained in paragraph one hundred and nineteen (119) of the Complaint to admit or deny. However, in an ounce of caution, the same is denied.

**WHEREFORE** Defendants requests that this Honorable Court enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable

## GENERAL DENIAL

Defendants hereby deny each and every material allegation contain in the Plaintiffs' Complaint not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

**COMES NOW** Defendants, WORLD GLOBAL FINANCING, INC. & CYRIL ESKENAZI, hereby sets forth the following Affirmative Defenses to Plaintiffs' Complaint, incorporates the arguments and case law cited in its Motion to Dismiss, and states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for the sale of unregistered securities are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

The sale of specific future merchant receivables collected are not securities subject to regulation under 15 U.S.C.§77e which prohibits the sale of unregistered securities.

## THIRD AFFIRMATIVE DEFENSE

Count I, sale of unregistered securities under 15 U.S.C.§77e of the 1933 securities act, fails to state a cause of action for which relief can be granted as it fails to establish the individual liability of Defendant CYRIL ESKENAZI.

## FOURTH AFFIRMATIVE DEFENSE

Count II, the sale of unregistered securities under Florida Statute §517.07, is preempted by the National Securities Market Improvement Act of 1996 (NSMIA).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead sufficient facts necessary to state a cause of action to establish that there are any recoverable damages for Count I - Sale of Unregistered Securities Under 15 U.S.C.§77e of the 1933 Securities Act and Count II – Sale of Unregistered Securities Under Florida Statute §517.07.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to allege sufficient facts to entitle them to attorney's fees for Count I - Sale of Unregistered Securities Under 15 U.S.C.§77e of the 1933 Securities Act or Count II – Sale of Unregistered Securities Under Florida Statute §517.07. See *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240 (1975).

## SEVENTH AFFIRMATIVE DEFENSE

Assuming, arguendo, that Plaintiff shows that violations of the FLSA occurred, such violations were not willful and, therefore, Plaintiff's remedies, if any, are limited to the two-year period immediately preceding the filing of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege sufficient facts necessary to state a cause of action for Count III – Violation of the Fair Labor Standards Act for unpaid minimum wages and Count IV - Violation of the Fair Labor Standards Act for unpaid overtime. There was absolutely no employer/employee relationship between the parties during October 2012 – January 2014. Any purported work performed by Plaintiff was on a volunteer basis so that the Plaintiff could personally manage his own interests in the Merchant Future Receivable Accounts and learn how the Defendants' business model worked.

## NINTH AFFIRMATIVE DEFENSE

Assuming, arguendo, that Plaintiff shows that he was an employee of the Defendants during the periods he complains of, he is not entitled to overtime as he would have been exempt from the overtime requirements. Specifically, the FLSA exempts from the overtime payment requirement "any employee employed in a bona fide executive, administrative, or professional capacity" 29 U.S.C. § 213(a)(1).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fail allege sufficient facts necessary to state a cause of action for which relief can be granted for Unjust Enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

Counts VI, VII, and VIII for Declaratory Judgments voiding the restrictive covenants fail allege sufficient facts necessary to state a cause of action for which relief can be granted.

**WHEREFORE** Defendants, WORLD GLOBAL FINANCING, INC. & CYRIL ESKENAZI, request that this Honorable Court Dismiss the Complaint and/or enter judgment in their favor, grant its attorney's fees, and any other relief it deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendants, WORLD GLOBAL FINANCING, INC. & CYRIL ESKENAZI, hereby demand a trial by jury for all issues so triable.

Respectfully submitted on this 11th day of March 2015.

By: /s/ Brian Yosef
Brian Yosef, Esq.
Florida Bar No. 31179
ISRIEL PONZOLI & SIMPSON, P.A.
2121 SW 3rd Avenue, 7th Floor
Miami, Florida 33129
Telephone: (305) 577-4800
Facsimile:  (305) 577-4808
Email: byosef@ips-law.com
*Attorney for the Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 11th day of March, 2015, a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was forwarded via e-mail to: Jonathan E. Pollard, Esq., and Nathan M. Saunders, Esq., Jonathan Pollard, LLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301, jpollard@pollardllc.com and nsaunders@pollardllc.com.

By: /s/ Brian Yosef
Brian Yosef, Esq.
Florida Bar No. 31179