**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| RENAUD MARIOTTI & R1, LLC<br>                *Plaintiffs,*<br>   v.<br>WORLD GLOBAL FINANCING, INC.,<br>& CYRIL ESKENAZI,<br>                *Defendants.* | CASE NO:<br><br>14-CV-23672-COOKE/TORRES |

**RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiffs Renaud Mariotti and R1, LLC file this response to Defendant Cyril Eskenazi's Motion for Protective Order.

**MEMORANDUM OF LAW**

Plaintiffs accept Defendant's articulation of the applicable standard.

1. **DEFENDANT CANNOT DEMONSTRATE GOOD CAUSE**

Defendants propounded 17 requests for production on Plaintiffs. D.E. 56-2. These requests serve as the basis for any possible good cause argument that Defendant could put forth. The requests and the associated production of the documents cannot serve as a basis for the protective order sought.

- Plaintiffs previously produced documents responsive to requests numbered 2, 3, 8, 9, 10, 11, 12, and 13. Of those, only the production for items numbered 3, 8, and 12 would need to be amended.

- Items numbered 1, 4, 7 have no responsive documents.

- Plaintiff objected to producing in response to item number 5.

1

- The only documents responsive to request number 14 include the item produced in response to request number 12 and the correspondence responsive to request number 8.
- At this time, the only documents responsive to requests 15, 16, and 17 were produced in response to the other requests.

The takeaway from this this is that Plaintiff's alleged failure to timely produce responsive documents amounts to responses to (1) item 3 – email correspondence with WGF and its agents; (2) item 6 – which amounts to pictures of people at WGF; (3) item 8 – which wholly constitutes emails from WGF; and (4) item number 12 – which are Plaintiff's bank documents and should mirror WGF's bank statements regarding fund transfers.  The vast majority of these documents are already in Defendant's possession.  The fact that Defendant has not given the documents that are already in WGF's possession to his counsel cannot serve as the basis for a protective order.

2. **DEFENDANT HAS NOT DEMONSTRATED GOOD CAUSE**

Defendant puts forth that, "Plaintiff has withheld documents that they have described as 'damaging,' putting the Defendant in a severe disadvantage by being blindsided at deposition without his attorney being given the opportunity to review the documents in preparation for the deposition."  The "severe disadvantage" that the Defendant asserts, however, is contemplated by the rules.

Rule 30(a)(1) of the Federal Rules of Civil Procedure states that "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."  There is nothing in Rule 30 that states that the Party being deposed must be informed about the questions to be asked or the exhibits to be introduced by the deposing Party.  That is essentially what Defendant here desires.  Defendant seeks with his Motion to have

advance knowledge of what the Plaintiff knows in order to prepare Defendant's testimony in advance of the deposition. However, what the Plaintiff knows or does not know should have no bearing upon the truth to be gleaned from the deposed.

Even assuming that Defendant had some right to see all documents that they requested prior to the deposition, there is no rule stating that Plaintiff is precluded from introducing any additional exhibits.

3. **DEFENDANT'S ACTIONS HAVE NEGATED HIS GOOD CAUSE ARGUMENT**

Assuming, *arguendo* that Defendant had put forth a valid good cause argument, his argument is negated by his own prior actions. To be clear, Defendant's basis for his motion is that Plaintiffs failed to timely produce many of the very same documents that Defendant objected to producing. *Compare* D.E. 56-2 to D.E. 41-4. For instance, the vast majority of the documents produced by Plaintiffs were in response to request number 3 which reads:

> Any and all correspondence, including, but not limited to, e-mails, faxes, memorandums, letters, and text messages sent to or received from WORLD GLOBAL FINANCING, INC. or any of its officers, directors, shareholders, employees, independent contractors, brokers, agents, or anyone acting on its behalf.

D.E. 52-2 pg. 2. Previously, however, Defendant objected to producing, "All correspondence between Plaintiffs and Defendants, including correspondence between Plaintiffs and Defendants while Mariotti worked for WGF." D.E. 41.4 pg. 2. Had Defendant not stonewalled on his production obligations at the outset, Defendant's attorney would have had the vast majority of the documents that Plaintiffs produced to them today far earlier in this matter.

## CONCLUSION

After having been able to stonewall on responding to discovery, Defendant here is again attempting to forestall Plaintiffs from building a case against him. Defendant is attempting to

postpone the deposition until after the mediation conference – which will directly impact Plaintiff's ability to mediate in good faith. Additionally the discovery window is swiftly closing. Plaintiffs ability to continue discovery after the deposition will also be negatively affected by the grant of Defendant's motion. This should not be allowed to occur merely because Defendant wants to know what will be asked prior to being deposed. For the foregoing reasons, Defendant's Motion should be DENIED.

      That said, barring an Order by this Court restricting the deposition from going forth, Plaintiffs are prepared to depose the Defendant using only the documents produced by the Defendants and the Documents filed in this case to date.

Dated July 22, 2015                                          Respectfully submitted,

By: s/ <em>Nathan Saunders</em>

Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

Nathan M. Saunders
Florida Bar No.: 107753
nsaunders@pollardllc.com

Jonathan Pollard, LLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be electronically filed on July 22, 2015. All registered counsel are to receive notice of the filing via the Court's electronic case filing system.

By: s/ *Nathan Saunders*